UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AAMIR SHABAZZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:25CV197 HEA |
| ) | |
| AMERICREDIT FINANCIAL SERVICES ) | |
| INC., d/b/a GM FINANCIAL, ) | |
| ) | |
| Defendant, ) | |

**OPINION, MEMORANDUM, AND ORDER**

This matter is before the Court on Defendant's Motion to Compel Arbitration and Stay All Proceedings, [Doc. No. 4]. Defendant has filed its memorandum in support, Plaintiff has filed his opposition, and Defendant has filed a reply. The motion is now ripe for adjudication on the merits. For the reasons stated herein, Defendant's Motion to Stay Proceedings will be granted.

Facts and Background[1]

Plaintiff's *pro* se Complaint alleges the following facts:

On May 8, 2023, plaintiff and the defendant entered into an Investment Contract disguised as a RETAIL INSTALLMENT SALE CONTRACT, "(RISC") for the purchase of a 2018 CADILLAC CT6 automobile VIN:

---

[1] The recitation of facts is set forth for the purposes of this motion only. It in now way relieves the parties of the necessary proof thereof.

1G6KM5RS5W1024682018. The description of property is identified as ACCOUNT NUMBER 111070553812, VIN: 1G6KM5RS5Wl024682018 [USED 2018 CADILLAC CT6 SEDAN].

Defendant took the RISC "subject to plaintiff's claims and defenses." The RISC was sold "Without Recourse" to the defendant.

Defendant sent a NOTICE OF DEFAULT, RIGHT TO CURE. AND INTENT TO REPOSSESS dated February 4, 2025, to plaintiff.

. Plaintiff challenges defendant's NOTICE OF DEFAULT, RIGHT TO CURE, AND INTENT TO REPOSSESS dated February 4, 2025. Plaintiff publicly acknowledged the alleged debt created from the RISC. Plaintiff presented full prepayment in accordance with Federal and state law. Plaintiff did not receive any payments, credits, or distribution from the sale of his property-Account Number 11107 05 53812. The defendant is unjustly enriching itself at plaintiff's expense, by the use of plaintiff's RISC. Plaintiff maintains that he is the Holder in Due Course of the RISC. Defendant is not the holder in due course of the RISC.

Defendant sold the RISC, without recourse, to undisclosed purchasers for value. Defendant lacks enforceability of the RISC. Plaintiff is the entitlement holder, with right to payment and right of subrogation in connection to the RISC. Plaintiff is the real owner and beneficiary of the RISC. Plaintiff indorsed the RISC due to fraud, accident or mistake.

Plaintiff performed his contractual obligation in full. Defendant is the responsible party regarding all taxes owing and due to the United States.

Defendant seeks to violate the United States Constitution by attempting to deprive plaintiff of his property without due process of law. Defendant is in breach of fiduciary duty for their negligent misrepresentation of the RISC. The deceptive acts or practices of the defendant make the RISC inequitable in its nature.

Plaintiff contends defendant took undue advantage of plaintiff by hiding the true nature of the RISC. Plaintiff claims he signed the RISC under fraud, accident, mistake, or surprise. The RISC is unconscionable in its entirety. The RISC is unenforceable because it is one-sided and gives defendant 7undue advantage of plaintiff's security interest.

Plaintiff claims defendant's NOTICE OF DE FAULT, RIGHT TO CURE, AND INTENT TO REPOSSESS dated February 4, 2025, ("Defendant's Notice") is in direct violation of the U.S. Constitution, Defendant's Notice violates the Fifth Amendment by attempting to take plaintiff's property without due process of law- without discovery and without a trial, defendant retains no more legal or equitable interest in the collateral, defendant is in wrongful possession of plaintiff's property,

Count I of Plaintiff's Complaint states he charges defendant with securities fraud as defendant failed to get consent from plaintiff before creating, trading, and selling securities with plaintiff's name; Count II alleges defendant has willingly

3

deprived plaintiff of monetary funds due him an has harmed his financial health trough deceptive, misleading, or other illegal practices in violation of 18 U.S.C. § 1348; Count III COUNT III: Plaintiff charges defendant with Negligent Misrepresentation for willfully taking undue advantage of plaintiff by hiding the true nature of the RISC; COUNT IV: Plaintiff charges defendant with Unjust Enrichment, as defendant unjustly enriched itself at the expense of plaintiff and, by retaining monies or benefits, which belong to plaintiff; Count V plaintiff charges defendant with bank fraud in violation of 18 U.S.C. § 656.

Defendant brings this current motion stating as part of the Retail Installment Sales Contract, plaintiff signed an agreement to arbitrate. The Contract, which is attached to plaintiff's Complaint provides:

> Agreement to Arbitrate: By signing below you agree that, pursuant to the Arbitration Provision on page 5 of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.

Defendant argues it applies to any and all disputes between the parties whether arising under federal, state, local, or common law. Defendant asks the Court to stay the proceedings and compel Plaintiff to submit his claims to arbitration.

Legal Standard

A party who has not agreed to arbitrate a dispute cannot be forced to do so. *AT&T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 648, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986). Defendant moves to compel arbitration under the Federal Arbitration Act ("FAA"). The FAA applies to contracts evidencing transactions "involving commerce." 9 U.S.C. § 2; *Hoffman v. Cargill Inc.*, 236 F.3d 458, 461 (8th Cir. 2001).

> Under the FAA:
>
> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S.C. § 4. The FAA reflects a "liberal federal policy favoring arbitration." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339, 131 S.Ct. 1740, 179 L.Ed.2d 742 (2011). "[C]ourts must place arbitration agreements on an equal footing with other contracts" and enforce them according to their terms. *Id*. "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Lyster v. Ryan's Fam. Steak Houses, Inc.*, 239 F.3d 943, 945 (8th Cir. 2001). Consequently, when there is an enforceable agreement to arbitrate, federal courts "shall make an order directing the parties to proceed to arbitration." 9 U.S.C. § 4.

5

The "court's role under the FAA is therefore limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute." *Pro Tech Indus., Inc. v. URS Corp.*, 377 F.3d 868, 871 (8th Cir. 2004). See also *Foster v. Walmart, Inc.*, 15 F.4th 860, 862 (8th Cir. 2021).

There is a public policy favoring the resolution of disputes via arbitration. *Moeller v. New Prime Inc.*, No. 6:25-CV-03031-MDH, 2025 WL 1297238, at *1–5 (W.D. Mo. May 5, 2025)(citing *Coleman v. Bristol Care, Inc.*, No. 6:18-CV-04069-MDH, 2018 WL 3848821, at *3 (W.D. Mo. Aug. 13, 2018 and *Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 226 (1987)). An arbitration may be compelled under a broad arbitration clause so long as the underlying factual allegations touch on matters covered by the provisions. *3M Co. v. Amtex Sec., Inc.*, 542 F.3d 1193, 1199 (8th Cir. 2008) (internal citations omitted).

"[S]tate contract law governs the threshold question of whether an enforceable arbitration agreement exists between litigants; if an enforceable agreement exists, the federal substantive law of arbitrability governs whether the litigants' dispute falls within the scope of the arbitration agreement." *Anhui Powerguard Tech. Co. v. DRE Health Corp.*, 95 F.4th 1146, 1149 (8th Cir. 2024). Where a valid arbitration agreement exists, a court "must liberally construe" its terms, "resolving any doubts in favor of arbitration." *Parm v. Bluestem Brands, Inc.*, 898 F.3d 869, 873–74 (8th Cir. 2018). A court must grant a motion to compel

6

arbitration based on a valid arbitration agreement unless the agreement "is not susceptible of an interpretation that covers the asserted dispute." *3M Co. v. Amtex Sec., Inc.*, 542 F.3d 1193, 1199 (8th Cir. 2008).

Discussion

The Arbitration Clause, which is contained in the RISC attached to Plaintiff's Complaint states as follows:

ARBITRATION PROVISION

PLEASE REVIEW – IMPORTANT – AFFECTS YOUR LEGAL RIGHTS

1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.

2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.

3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this

7

Arbitration Provision shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action. You may choose the American Arbitration Association (www.adr.org) or any other organization to conduct the arbitration subject to our approval. You may get a copy of the rules of an arbitration organization by contacting the organization or visiting its website. Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law and the applicable statute of limitations. The arbitration hearing shall be conducted in the federal district in which you reside unless the Seller-Creditor is a party to the claim or dispute, in which case the hearing will be held in the federal district where this contract was executed. We will pay your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $5000, unless the law or the rules of the chosen arbitration organization require us to pay more. The amount we pay be reimbursed in whole or in part by decision of the arbitrator if the arbitrator finds that any of your claims is frivolous under applicable law. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Provision, then the provisions of this Arbitration Provision shall control. Any arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et seq.) and not by any state law concerning arbitration. Any award by the arbitrator shall be in writing and will be final and binding on all parties, subject to any limited right to appeal under the Federal Arbitration Act.

You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies, such as repossession, or by filing an action to recover the vehicle, to recover a deficiency balance, or for individual injunctive relief. Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Provision shall survive any termination, payoff or transfer of this contract. If any part of this Arbitration Provision, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. If a waiver of class action rights is deemed or found to be

8

unenforceable for any reason in a case in which class action allegations have been made, the remainder of this Arbitration Provision shall be unenforceable.

Plaintiff then signed his name and dated it under the following statement: "You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You acknowledge that you have read all pages of this contract, including the arbitration provision, before signing below."

The parties' agreement satisfies the elements for a valid arbitration agreement; there was both an offer and acceptance of the Arbitration Agreement. Likewise, consideration was given by both sides for the sale of the vehicle. Under Missouri law, "An offer is 'the manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it.' " *LoRoad, LLC v. Glob. Expedition Vehicles, LLC*, 787 F.3d 923, 928 n.3 (8th Cir. 2015) (quoting *Brown Mach., Div. of John Brown, Inc. v. Hercules, Inc.*, 770 S.W.2d 416, 419 (Mo. Ct. App. 1989)). The Arbitration Agreement was presented to Plaintiff to review, which he acknowledged by his signature immediately following the binding arbitration language.

With respect to whether Plaintiff's claims fall within the broad arbitration agreement, it is beyond doubt they do. Each of Plaintiff's claims relate issues arising under the Retail Installment Sales Contract in which the Arbitration

Agreement is found. Accordingly, Plaintiff's claims are subject to the valid arbitration agreement to which he agreed.

The Federal Arbitration Act (FAA) sets forth procedures for enforcing arbitration agreements in federal court. Section 3 of the FAA specifies that, when a dispute is subject to arbitration, the court "shall on application of one of the parties stay the trial of the action until [the] arbitration" has concluded. The question here is whether § 3 permits a court to dismiss the case instead of issuing a stay when the dispute is subject to arbitration and a party requests a stay pending arbitration. It does not.

*Smith v. Spizzirri*, 601 U.S. 472 (2024). "When a federal court finds that a dispute is subject to arbitration, and a party has requested a stay of the court proceeding pending arbitration, the court does not have discretion to dismiss the suit on the basis that all the claims are subject to arbitration." *Id*. at 475-76.

Conclusion

For the reasons stated herein, Defendant's Motion to Compel Arbitration and Stay All Proceedings is **GRANTED**. The Court finds good cause to stay this case with respect to Plaintiff's claims against Defendant until such a time as their resolution in arbitration.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff and Defendant are **COMPELLED** to submit to arbitration.

**IT IS FURTHER ORDERED** that Defendant shall provide the Court with a status report every 120 days until such time as the arbitration of Plaintiff's claims

10

is completed.

**IT IS FURTHER ORDERED** that Plaintiff's motions to hold Defendant in Contempt and Motion for Contempt, [Doc. No.'s 13 and 17], are **denied**.

Dated this 17th day of October, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE