UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

AAMIR SHABAZZ,                          )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )        Case No. 4:25CV197  HEA
                                        )
AMERICREDIT FINANCIAL SERVICES  )
INC., d/b/a GM FINANCIAL,               )
                                        )
        Defendant,                      )

## OPINION, MEMORANDUM, AND ORDER

This matter is before the Court on Plaintiff's "Objection in Opposition of Opinion, Memorandum, and Order, [Doc. No. 20], which the Court construes as a motion for reconsideration under Rule 60 of the Federal Rules of Civil Procedure. Defendant opposes the Motion. For the reasons set forth below, the Motion is denied.

On October 17, 2025, the Court entered its Opinion, Memorandum, and Order finding a valid arbitration agreement contained in the Retail Installment Sale Contract, ("RISC"), Plaintiff executed for the purchase of a 2018 CADILLAC CT6 automobile VIN: 1G6KM5RS5W1024682018.

Plaintiff contended that Defendant took undue advantage of plaintiff by hiding the true nature of the RISC. Plaintiff claims he signed the RISC under fraud, accident, mistake, or surprise; the RISC is unconscionable in its entirety; the RISC

is unenforceable because it is one-sided and gives defendant undue advantage of plaintiff's security interest.

The Court concluded that the parties' agreement satisfied the elements for a valid arbitration agreement; there was both an offer and acceptance of the Arbitration Agreement; consideration was given by both sides for the sale of the vehicle. The Court found Plaintiff's undoubtedly fell within the broad arbitration agreement.

In the motion now before the Court, Plaintiff contends:

Plaintiff is not subjected to and does not consent to Arbitration as AMERICREDIT FINANCIAL SERVICES "hereafter GM Financial" Contract fails to provide Consumers with means to opt-out of Arbitration.

Plaintiff is not subjected to and does not consent to Arbitration as GM Financial's Arbitration clause is wholly unconscionable.

Plaintiff is not subjected to and does not consent to Arbitration as GM Financial's Contract fails to provide an address for Consumers to send a notice to opt-out of arbitration.

Plaintiff is not subjected to and does not consent to Arbitration as GM Financial 's Arbitration clause is in direct conflict with United States Constitution Amendment 7.

Plaintiff is not subjected to and does not consent to Arbitration as Plaintiff demands a Constitutional Trial by Jury.

Plaintiff is not subjected to and does not consent to Arbitration as GM Financial's Arbitration clause as Plaintiff rescinds and revokes the Retail Installment Sales Contract in its entirety.

Due to fraud, grounds exist in equity, for the revocation of the Arbitration clause within the Retail Installment Sales Contract. Take Judicial Notice of the following:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perforn1 the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract ... See 9 U.S. Code§ 2.

The Federal Rules of Civil Procedure do not authorize or mention a motion to reconsider. *Humphreys v. Roche Biomedical Labs., Inc.*, 990 F.2d 1078, 1081 (8th Cir. 1993); *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999). However, the Eighth Circuit has determined that motions for reconsideration are "nothing more than Rule 60(b) motions when directed at non-final orders." *Elder-Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006) (citing *Anderson v. Raymond Corp.*, 340 F.3d 520, 525 (8th Cir. 2003)). Motions for reconsideration are authorized to correct manifest errors of law or to present newly discovered evidence. *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988).

Motions under Rule 60 are not a vehicle to relitigate the same issues of law by other means. Design Basics v. Spahn & Rose Lumber Co., 2021 WL 7186126, at *2 (N.D. Iowa May 11, 2021) ("Nor does Rule 60(b) permit a party to rehash previously raised arguments.").

Plaintiff's accusations contain no authority for his claims. Indeed, the bases upon which Plaintiff seeks reconsideration are not valid under the facts of this case. In the October 17, 2025 Opinion, the Court discussed the requirements under Missouri law for a valid arbitration agreement, *to wit*, offer, acceptance, and consideration. Plaintiff presents no authority to require an arbitration agreement to contain an opt-out provision. As Defendant correctly points out, had Plaintiff disagreed with the arbitration provision, he simply could have foregone signing the agreement. He did not.

Plaintiff's claim of unconscionability of the RISC likewise fail. Plaintiff boldly claims, without any support, the agreement he signed is unconscionable. This argument is denied. See *Warren v. Paragon Techs. Grp., Inc.*, 950 S.W.2d 844, 846 (Mo. 1997) (en banc) (stating that absent fraud or duress, a party who signs a document after having an opportunity to review its contents is bound by its terms, and "[p]arties are presumed to read what they sign"); *Bertocci v. Thoroughbred Ford, Inc.*, 530 S.W.3d 543, 553 (Mo. Ct. App. 2017) (stating that a party "may not avoid the consequences of the agreement on the basis that they did not know what they were signing"); *Chochorowski v. Home Depot U.S.A.*, 404 S.W.3d 220, 228 (Mo. 2013) (en banc) (stating that "[a] signer's failure to read and understand a contract is not, without fraud or the signer's lack of capacity to contract, a defense to the contract"). Moreover, as Defendant argues, These arguments are denied. See

□

Leonard v. Delaware N. Companies Sport Serv., Inc., No. 4:15 CV 1356 CDP, 2016 WL 3667979, at *3 (E.D. Mo. July 11, 2016) (denying unconscionability argument where no evidence was presented that the agreement or arbitration clause was non-negotiable); see also Warren v. Paragon Techs. Grp., Inc., 950 S.W.2d 844, 846 (Mo. 1997) (en banc) (stating that absent fraud or duress, a party who signs a document after having an opportunity to review its contents is bound by its terms, and "[p]arties are presumed to read what they sign"); Bertocci v. Thoroughbred Ford, Inc., 530 S.W.3d 543, 553 (Mo. Ct. App. 2017) (stating that a party "may not avoid the consequences of the agreement on the basis that they did not know what they were signing"). Furthermore, as Defendant correctly observes, both parties to the RISC had the option to seek arbitration, thereby negating the notion that the contract was overly one-sided.

Nor has Plaintiff established any fraud either in the inducement or execution of the contract. The RISC clearly set out its terms and Plaintiff specifically acknowledged his understanding when he signed the contract immediately under the provision detailing that he had in fact read the contract.

Plaintiff's Seventh Amendment claim fails. The Arbitration Clause clearly notified Plaintiff he was waiving his right to a jury trial, and Plaintiff has presented no authority whatsoever for his claim that this waiver is invalid.

"Revocation of acceptance must occur within a reasonable time after the buyer discovers or should have discovered the ground for it …" Mo. Rev. Stat. § 400.2-608 (1963). Plaintiff's claim that he seeks rescission of the RISC is beyond reasonable. The RISC was executed on May 8, 2023. He has enjoyed the benefit of the vehicle and cannot now claim to rescind or revoke the contract.

For the reasons stated herein, Plaintiff's Motion is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's "Objection in Opposition of Opinion, Memorandum, and Order, [Doc. No. 20], is **DENIED**.

Dated this 14th day of July,  2026.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE