UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| AAMIR SHABAZZ,<br><br>Plaintiff,<br><br>v.<br><br>AMERICREDIT FINANCIAL SERVICES INC., d/b/a GM FINANCIAL,<br><br>Defendant, | ) | Case No. 4:25CV197 HEA |

**OPINION, MEMORANDUM, AND ORDER**

This matter is before the Court on Defendant's Motion for Involuntary Dismissal and, in the Alternative, Rule 11 Motion for Sanctions, [Doc. No. 36]. Defendant has filed its memorandum in support. Plaintiff has filed an objection to the Motion. For the reasons stated herein, Defendant's Motion to Stay Proceedings will be granted.

Plaintiff filed a *pro* se Complaint claiming defendant took undue advantage of plaintiff by hiding the true nature of the Retail Installment Sales Contract ("RISC") which plaintiff signed for the purchase of a car. Plaintiff claims he signed the RISC: under fraud, accident, mistake, or surprise; the RISC is unconscionable in its entirety; the RISC is unenforceable because it is one-sided and gives defendant undue advantage of plaintiff's security interest.

Defendant filed a motion to compel arbitration, stating that, as part of the Retail Installment Sales Contract, plaintiff signed an agreement to arbitrate. The Contract, which is attached to plaintiff's Complaint provides:

> Agreement to Arbitrate: By signing below you agree that, pursuant to the Arbitration Provision on page 5 of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.

The Court granted the motion to compel arbitration and stay all proceedings on October 17, 2025. Currently, almost a year later, Plaintiff has failed to institute arbitration proceedings and has continued to file objections in this case against asserting claims against Defendant and the Court. Plaintiff claims the Court is acting as attorney for Defendant and is committing treason against Plaintiff. Plaintiff further asserts the Court "appears to be acting as a Traitor to the United States Constitution, his Oath of Office and to the People of these United States."

In his current objections, Plaintiff asserts various claims against the attorneys for Defendant. None of Plaintiffs objections have cited any authority for any of the claims, rather, Plaintiff makes vague references to conspiracies, interference with state and federal law, constitutional violations, claims of attorneys being traitors to the United States Constitution, their Oath of Office.

Nothing in Plaintiff's Objections address the issue of arbitration, and nothing Plaintiff has presented alleviates Plaintiff's obligation to arbitrate his issues.

Plaintiff has failed to abide by the Court's Order of October 17, 2025. Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **(b) Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Fed. R. Civ. P. 41. As stated above, Plaintiff has failed to comply with the Court's Order and Defendant has filed its Motion pursuant to Rule 41(b). The Motion is well taken and this matter will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Involuntary Dismissal and, in the Alternative, Rule 11 Motion for Sanctions, [Doc. No. 36], is **GRANTED.**

**IT IS FURTHER ORDERED** that this matter is **DISMISSED.**

An appropriate Order of Dismissal is entered this same date.

Dated this 13th day of October, 2026.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE